UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES EX REL. MARILYN DANIELS,

                            Plaintiff,

        -against-

SEALED DEFENDANT, et al.,

                          Defendants.

1:25-CV-3658 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marilyn Daniels, of Brooklyn, New York, who is proceeding *pro se*, brings this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, as well as under 42 U.S.C. §§ 1983, 1985, and 1986, and under state law. Plaintiff seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1*)*; *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

Relators act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citation omitted), and the United States "remains the real party in interest," *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, "[a] person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not

the relator's 'own' case . . . , nor one in which [s]he has 'an interest personal to [her],'" a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and quoting *Iannaccone*, 142 F.3d at 558)).

Accordingly, because Plaintiff cannot proceed *pro se* with a *qui tam* action, the Court grants Plaintiff 30 days' leave to either: (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the Court will dismiss this action without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to proceed *pro se* with non-FCA claims arising from the same facts, she may do so by bringing a separate civil action.

The FCA provides that "the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).[1] After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and all subsequently filed documents.[2] The seal shall also be lifted as to Plaintiff's identity and mailing address, and the Clerk of Court is directed to list Plaintiff's name and mailing address on the public docket.

---

[1] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

[2] Until the action is fully unsealed, further documents that Plaintiff files should list Defendants as "sealed defendants." If Plaintiff files documents with Defendants' names before this action is fully unsealed, public access will be restricted.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to either: (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the Court will dismiss this action without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to assert non-FCA claims arising from the same facts, she may do so by filing a separate civil action and paying the filing fees or applying to proceed IFP in that new civil action.

After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and all subsequently filed documents. The seal shall also be lifted as to Plaintiff's identity and mailing address, and the Clerk of Court is directed to list Plaintiff's name and mailing address on the public docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 9, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge