UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES EX REL. MARILYN DANIELS, | |
| Plaintiff, | 1:25-CV-3658 (LTS) |
| -against- | ORDER |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 9, 2025, and entered on May 12, 2025, the Court explained that Plaintiff, who appears *pro se*, could not proceed *pro se* with respect to her *qui tam* claims purportedly brought under the False Claims Act ("FCA"), and granted her 30 days' leave to either: (1) retain an attorney to represent her in this action; or (2) withdraw this action. (ECF 2.) The Court warned Plaintiff that, if she did neither, the Court would dismiss this action without prejudice. (*Id.*) The Court also informed Plaintiff that, if she wanted to proceed *pro se* as to any non-FCA claims arising from the same facts, she could do so by bringing a separate civil action. (*Id.*) Moreover, in that order, and following an *in camera* review of Plaintiff's complaint, the Court further directed that the seal normally applied to an FCA action be lifted as to that order and as to all subsequently filed documents in this action, but directed Plaintiff, as to any subsequently filed documents, to refer to the defendants as "sealed defendants."[1] (*Id.*) The Court additionally lifted the seal as to Plaintiff's identity and mailing address, and directed the Clerk of Court to list Plaintiff's name and mailing address on the court's public docket of this action. (*Id.*)

---

[1] The Court also informed Plaintiff that, if she filed any subsequent documents in this action in which she reveals the defendants' names before this action is fully unsealed, public access to those documents would be restricted. (ECF 2.)

In response to that order, Plaintiff filed, on May 22, 2025, May 30, 2025, and on June 4, 2025, numerous submissions essentially challenging that order.[2] (ECF 3-14, 17-18.) The Court liberally construes all of those submissions as one motion for reconsideration brought under Local Civil Rule 6.3.[3] *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court: (1) denies that motion; (2) dismisses Plaintiff's *qui tam* claims purportedly raised under the FCA without prejudice; (3) directs the Clerk of Court to completely unseal this action and to make publicly available, including on the court's electronic docket of this action, Plaintiff's initial filings in this action, including her (a) complaint, (b) "Notice and Motion to Proceed Pursuant to the First Bill of Right of the supreme Law of the Land without paying fees to Access the Article III court," (c) application to proceed without prepaying fees or costs (her *in forma pauperis* application), and (d) civil cover sheet; (4) directs the Clerk of Court to lift any other electronic-access restrictions on any of Plaintiff's already docketed submissions; and (5) transfers Plaintiff's remaining claims, including any claims under 42 U.S.C. §§ 1983, 1985,

---

[2] Because of some of those submissions actually reveal the names of the defendants, the Court directed the Clerk of Court to, until the issuance of this order, restrict those submissions' accessibility on the court's electronic docket to a "case participant-only" basis. (*See* ECF 6, 13, 14.)

[3] Under Local Civil Rule 6.3, a motion for reconsideration must be filed within 14 days after entry of the order being challenged. Here, the Court's order being challenged was entered on May 12, 2025. Thus, Plaintiff needed to file a timely motion for reconsideration to challenge that order on or before May 26, 2025. Because all of Plaintiff's submissions mentioned above essentially challenge the Court's order, and though only some of them were filed on or before May 26, 2025, in light of Plaintiff's *pro se* status, the Court construes all of those submissions filed after May 26, 2025, as supplements and/or amendments to those filed before that date.

2

and 1986, and any under state law, to the United States District Court for the Eastern District of New York.

## DISCUSSION

A.     **Relief under Local Civil Rule 6.3**

The Court must deny Plaintiff's motion. A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see also *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

As the Court noted in its previous order, the United States Court of Appeals for the Second Circuit has made clear that a litigant cannot proceed *pro se* with regard to *qui tam* claims brought under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). While the Court understands that Plaintiff disagrees with the holding of the Court of Appeals in *Flaherty*, it is the controlling law of this Circuit with regard to Plaintiff's *qui tam* claims purportedly raised under the FCA. The Court therefore denies Plaintiff reconsideration relief under Local Civil Rule 6.3.

Because Plaintiff cannot proceed *pro se* with respect to her *qui tam* claims purportedly made under the FCA, and because, despite the Court's granting of leave to Plaintiff to either

retain an attorney to pursue these claims or withdraw this action, Plaintiff still proceeds with these claims *pro se*, the Court dismisses these claims without prejudice. Accordingly, because the information provided by Plaintiff does not fall within the statute requiring sealing, *see* 31 U.S.C. § 3720(a), (b)(2), there is no reason why any part of this action should remain sealed. The Court therefore directs the Clerk of Court to completely unseal this action and to make publicly available, including on the court's electronic docket of this action, Plaintiff's initial filings in this action, including her complaint, "Notice and Motion to Proceed Pursuant to the First Bill of Right of the supreme Law of the Land without paying fees to Access the Article III court," application to proceed without prepaying fees or costs, and civil cover sheet. The Court also directs the Clerk of Court to lift any other electronic-access restrictions on any of Plaintiff's already docketed submissions.

### B.    Transfer of Plaintiff's remaining claims

The Court understands that Plaintiff is asserting remaining claims under 42 U.S.C. §§ 1983, 1985, and 1986, and, possibly, under state law. While the Court instructed Plaintiff, in the Court's previous order, to assert any non-FCA claims in a separate civil action, in light of her *pro se* status, and for the reasons set forth below, the Court instead transfers these remaining claims to the United States District Court for the Eastern District of New York.

The appropriate venue provision for these remaining claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff names as defendants the City of New York, the New York City Police Department ("NYPD"), the NYPD's Traffic Enforcement Unit, individual members of the NYPD, the Commissioner of the New York City Department of Finance ("NYCDOF"), the NYCDOF's "Vehicles Bureau/Bureau of Towing," "Voucher #4245580," and former NYPD Chief of Internal Affairs Miguel Iglesias. The City of New York, its agencies, and those agencies' subdivisions, including the NYPD, its Traffic Enforcement Unit, and the NYCDOF's "Vehicles Bureau/Bureau of Towing," reside both within this judicial district and within the Eastern District of New York.[4] Plaintiff does not allege, however, where any of the other defendants, including the individual defendants, reside. Thus, it is unclear whether this court is a proper venue for Plaintiff's remaining claims under Section 1391(b)(1).

Plaintiff does allege, however, that a substantial part of the alleged events, if not, all of the alleged events, including the seizure and towing of her vehicle and the impoundment of her vehicle, took place in Brooklyn, Kings County, New York, within the Eastern District of New York. In fact, it would appear that Plaintiff's vehicle may still be impounded within that judicial district. Thus, it seems clear that the United States District Court for the Eastern District of New

---

[4] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

York, and not this court, is a proper venue for Plaintiff's remaining claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for Plaintiff's remaining claims. Plaintiff seems to allege that a substantial part of the events giving rise to her remaining claims occurred within the Eastern District of New York, the property at issue may still be located within that judicial district, and, therefore, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for Plaintiff's remaining claims under Section 1391(b)(2), thus, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action's remaining claims to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have

broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court construes Plaintiff's numerous submissions filed on May 22, 2025, May 30, 2025, and on June 4, 2025 (ECF 3-14, 17-18), as one motion for reconsideration relief under Local Civil Rule 6.3. The Court denies that motion. The Court also denies all other pending requests included in that motion.

Accordingly, the Court further: (1) dismisses Plaintiff's *qui tam* claims purportedly raised under the False Claims Act without prejudice; (2) directs the Clerk of Court to completely unseal this action and to make publicly available, including on the court's electronic docket of this action, Plaintiff's initial filings in this action, including her (a) complaint, (b) "Notice and Motion to Proceed Pursuant to the First Bill of Right of the supreme Law of the Land without paying fees to Access the Article III court," (c) application to proceed without prepaying fees or costs (her *in forma pauperis* application), and (d) civil cover sheet; (3) directs the Clerk of Court to lift any other electronic-access restrictions on any of Plaintiff's already docketed submissions; and (4) transfers Plaintiff's remaining claims, including any claims under 42 U.S.C. §§ 1983, 1985, and 1986, and any claims under state law, to the United States District Court for the Eastern District of New York.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. The Court further directs the Clerk of Court to terminate any pending motions appearing on this court's electronic docket of this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2025
            New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge