UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES EX REL. MARILYN DANIELS, <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK, et al., <br><br> Defendants. | 1:25-CV-3658 (LTS) <br><br> ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 9, 2025, and entered on May 12, 2025, the Court explained that Plaintiff, who appears *pro se*, could not proceed *pro se* with respect to her *qui tam* claims purportedly brought under the False Claims Act ("FCA"), and granted her 30 days' leave to either: (1) retain an attorney to represent her in this action; or (2) withdraw this action. (ECF 2.) The Court warned Plaintiff that, if she did neither, the Court would dismiss this action without prejudice. (*Id.*) The Court also informed Plaintiff that, if she wanted to proceed *pro se* as to any non-FCA claims arising from the same facts, she could do so by bringing a separate civil action. (*Id.*) Moreover, in that order, and following an *in camera* review of Plaintiff's complaint, the Court further directed that the seal normally applied to an FCA action be lifted as to that order and as to all subsequently filed documents in this action. (*Id.*) The Court additionally lifted the seal as to Plaintiff's identity and mailing address, and directed the Clerk of Court to list Plaintiff's name and mailing address on the court's public docket of this action. (*Id.*)

In response to that order, Plaintiff filed, on May 22, 2025, May 30, 2025, and on June 4, 2025, numerous submissions essentially challenging that order. In an order dated and entered on June 5, 2025, the Court construed all of those submissions as one motion for reconsideration relief under Local Civil Rule 6.3, and the Court denied that motion; the Court also denied all

other then-pending requests included in that motion. (ECF 20.) In that same order, the Court further: (1) dismissed Plaintiff's *qui tam* claims purportedly raised under the FCA without prejudice; (2) directed the Clerk of Court to completely unseal this action and to make publicly available, including on the court's electronic docket of this action, Plaintiff's initial filings in this action; (3) directed the Clerk of Court to lift any other electronic-access restrictions on any of Plaintiff's already docketed submissions; and (4) transferred Plaintiff's remaining claims, including any claims under 42 U.S.C. §§ 1983, 1985, and 1986, and any claims under state law, to the United States District Court for the Eastern District of New York.[1]

The abovementioned claims were subsequently transferred to the Eastern District of New York on June 13, 2025, which acknowledged receipt on that same date. Those claims remain pending in that court. *See Daniels v. City of New York*, 1:25-CV-3341 (E.D.N.Y.). Thereafter, however, on June 23, 2025, Plaintiff filed, in this court, a notice of appeal in which she appeals this Court's May 9, 2025 order and this Court's June 5, 2025 order. (ECF 25.) That appeal is also pending in the United States Court of Appeals for the Second Circuit. *See Daniels v. City of New York*, 25-1578 (2d Cir.).

On June 24, 2025 – one day after she filed her notice of appeal – Plaintiff filed, in this court, a "notice of objection to transfer of venue" in which she challenges the transfer of the abovementioned claims from this court to the Eastern District of New York. (ECF 26.) On July 7, 2025, Plaintiff filed, in this court, multiple submissions, including what appear to be motions brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), challenging the Court's May 9, 2025 order and the Court's June 5, 2025 order. (ECF 27-31.) Two days later, on

---

[1] This Court deferred to the transferee court as to whether Plaintiff should be permitted to proceed further without prepayment of fees. (ECF 20.)

July 9, 2025, Plaintiff filed a "notice of pending motion to stay transfer of venue," an "emergency motion to stay transfer of venue pending resolution of Rule 60 motion, notice of objection, an appeal," and a "memorandum of law in support of emergency motion to stay transfer of case pending resolution of Rule 60(b) motion." (ECF 32-34.)

On July 22, 2025, Jeffrey S. Dantowtiz, Esq., an Assistant Corporation Counsel of the City of New York, filed, in this court, a letter opposing Plaintiff's request for Rule 60(b) relief. (ECF 39.)

In light of Plaintiff's *pro se* status, the Court construes her "notice of objection to transfer of venue" (ECF 26) as a Rule 60(b) motion in which she challenges the Court's June 5, 2025 order. The Court also understands Plaintiff's multiple submissions filed on July 7, 2025 (ECF 27-31) as all seeking Rule 60(b) relief from both the Court's May 9, 2025 order and the Court's June 5, 2025 order. The Court further understands Plaintiff's "notice of pending motion to stay transfer of venue," "emergency motion to stay transfer of venue pending resolution of Rule 60 motion, notice of objection, an appeal," and "memorandum of law in support of emergency motion to stay transfer of case pending resolution of Rule 60(b) motion" (ECF 32-34) as also seeking Rule 60(b) relief from the both the Court's May 9, 2025 order and the Court's June 5, 2025 order.

After reviewing the arguments in Plaintiff's abovementioned submissions, the Court denies Plaintiff Rule 60(b) relief for the reasons set forth below.

### DISCUSSION

**A.     Rule 60(b) relief**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider what appear to be pending Rule 60(b) motions. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals

3

and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Yet, a federal district court retains jurisdiction to deny a Rule 60(b) motion while an appeal is pending. *See United States v. Camacho*, 302 F.3d 25, 37 (2d Cir. 2002); *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S. Ct. 1612, 1619 (2025). A party seeking such relief must show both that their motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief." *Honickman*, 145 S. Ct. at 1621. Plaintiff has failed to demonstrate that extraordinary

circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under rule 60(b).

**B.      Warning**

The Court warns Plaintiff that if she files, in this court, any future frivolous or otherwise nonmeritorious submissions with respect to this action, which is no longer pending in this court, the court will direct her to show cause why this court should not bar her from filing any future submissions in this court, with respect to this action, without the court's leave to file. *See* 28 U.S.C. § 1651; *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." ).

## CONCLUSION

The Court construes Plaintiff's "notice of objection to transfer of venue" (ECF 26) as a Rule 60(b) motion in which she challenges the Court's June 5, 2025 order. The Court also understands that Plaintiff's multiple submissions filed on July 7, 2025 (ECF 27-31) as all seeking Rule 60(b) relief from both the Court's May 9, 2025 order and the Court's June 5, 2025 order. The Court further understands Plaintiff's "notice of pending motion to stay transfer of venue," "emergency motion to stay transfer of venue pending resolution of Rule 60 motion, notice of objection, an appeal," and "memorandum of law in support of emergency motion to stay transfer of case pending resolution of Rule 60(b) motion" (ECF 32-34) as also seeking Rule 60(b) relief from the both the Court's May 9, 2025 order and the Court's June 5, 2025 order. The Court denies all of these motions. The Court directs the Clerk of Court to terminate any motions pending on this court's docket of this action.

The Court warns Plaintiff that if she files, in this court, any future frivolous or otherwise nonmeritorious submissions with respect to this action, which is no longer pending in this court,

the court will direct her to show cause why this court should not bar her from filing any future submissions in this court, with respect to this action, without the court's leave to file.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge