UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES EX REL. MARILYN DANIELS,

                          Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                          Defendants.

1:25-CV-3658 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

In an order dated and entered on June 5, 2025, the Court construed many of Plaintiff's then-pending submissions as one motion for reconsideration relief brought under Local Civil Rule 6.3 challenging the Court's previous May 9, 2025 order, and the Court denied that motion; the Court also denied all other then-pending requests included in that motion. (ECF 20.) In that same June 5, 2025 order, the Court: (1) dismissed Plaintiff's *qui tam* claims purportedly raised under the False Claims Act without prejudice; (2) directed the Clerk of Court to completely unseal this action and to make publicly available, including on the court's electronic docket of this action, Plaintiff's initial filings in this action; (3) directed the Clerk of Court to lift any other electronic-access restrictions on any of Plaintiff's already docketed submissions; and (4) transferred Plaintiff's remaining claims, including any claims under 42 U.S.C. §§ 1983, 1985, and 1986, and any claims under state law, to the United States District Court for the Eastern District of New York.[1] (*Id.*)

---

[1] This Court deferred to the transferee court as to whether Plaintiff should be permitted to proceed further without prepayment of fees. (ECF 20.)

The abovementioned claims were subsequently transferred to that court on June 13, 2025, and that court acknowledged receipt on that same date. Plaintiff's action in that court remains pending. *See Daniels v. City of New York*, 1:25-CV-3341 (E.D.N.Y.). On June 23, 2025, Plaintiff filed, in this court, a notice of appeal in which she appeals the Court's May 9, 2025 and June 5, 2025 orders. (ECF 25.) That appeal is also pending in the United States Court of Appeals for the Second Circuit. *See Daniels v. City of New York*, 25-1578 (2d Cir.).

On June 24, 2025—one day after she filed her notice of appeal—Plaintiff filed, in this court, a "notice of objection to transfer of venue" in which she challenged the transfer of the abovementioned claims from this court to the Eastern District of New York. (ECF 26.) On July 7, 2025, Plaintiff filed, in this court, multiple submissions, including what the Court understood to be motions brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), challenging both the Court's May 9, 2025 and June 5, 2025 orders. (ECF 27-31.) Two days later, on July 9, 2025, Plaintiff filed a "notice of pending motion to stay transfer of venue," an "emergency motion to stay transfer of venue pending resolution of Rule 60 motion, notice of objection, an appeal," and a "memorandum of law in support of emergency motion to stay transfer of case pending resolution of Rule 60(b) motion." (ECF 32-34.)

On July 22, 2025, Jeffrey S. Dantowtiz, Esq., an Assistant Corporation Counsel of the City of New York, filed, in this court, a letter opposing Plaintiff's request for Rule 60(b) relief. (ECF 39.)

In an order dated and entered on August 1, 2025, in light of Plaintiff's *pro se* status, the Court construed her "notice of objection to transfer of venue" (ECF 26) as a Rule 60(b) motion in which she challenged the Court's June 5, 2025 order (*see* ECF 41). The Court also understood Plaintiff's multiple submissions filed on July 7, 2025 (ECF 27-31) as all seeking Rule 60(b)

relief from the Court's May 9, 2025 and June 5, 2025 orders (*see* ECF 41). The Court further understood Plaintiff's "notice of pending motion to stay transfer of venue," "emergency motion to stay transfer of venue pending resolution of Rule 60 motion, notice of objection, an appeal," and "memorandum of law in support of emergency motion to stay transfer of case pending resolution of Rule 60(b) motion" (ECF 32-34) as also seeking Rule 60(b) relief from the Court's May 9, 2025 and June 5, 2025 orders (*see* ECF 41). The Court denied Plaintiff Rule 60(b) relief and warned Plaintiff that, if she files any future frivolous or other nonmeritorious submissions with respect to this action, which is no longer pending in this court, the court will direct her to show cause why this court should not bar her from filing any future submissions in this court, with respect to this action, without the court's leave to file.[2] (*Id.*)

Unbeknownst to the Court at the time that its August 1, 2025 order was entered, Plaintiff had also previously filed, on July 29, 2025, the following additional submissions: (1) "motion to strike/disregard letter filed by non-appearing counsel letter of Assistant Corporation Counsel Jeffrey S. Dantowitz dated July 22, 2025 as bad faith untimely non-party opposition and ex-parte"; (2) "notice of and motion to strike and motion to strike/disregard letter dated July 22, 2025 filed by non-appearing counsel and memorandum of law in support"; (3) "Plaintiff Marilyn Daniels declaration in support of motion to strike/disregard letter filed by non-appearing counsel letter of Assistant Corporation Counsel Jeffrey S. Dantowitz dated July 22, 2025 as bad faith untimely non-party opposition and ex parte"; and (4) "memorandum of law in support of Plaintiff's motion to strike and disregard unauthorized letter filed by non-appearing counsel." (ECF 42, 43, 45, 46.) All of these submissions, though filed on July 29, 2025, were not entered

---

[2] While the Court did mention the filing of Mr. Dantowitz's July 22, 2025 letter in its August 1, 2025 order, the Court did not rely on it when denying Plaintiff Rule 60(b) relief in that order. (ECF 41.)

on the Court's docket until August 1, 2025, the same date that the Court's latest order had been entered. Most, if not, all of these submissions, in sum and substance, seem to object to the filing of the July 22, 2025 letter by Mr. Dantowitz because no attorney had appeared on behalf of the City of New York in this action, and at least some of these submissions seem to assert that such a letter was an improper *ex parte* communication with the Court. (*See id.*)

In one of these submissions, Plaintiff asks the Court to: (1) strike the July 22, 2025 letter from the docket of this action; (2) "disregard the contents of that letter in ruling on Plaintiff's pending motion to vacate"; (3) direct "that no future submissions from non-appearing or unserved counsel be considered unless counsel has formally entered an appearance"; and (5) grant other relief as the Court deems just and proper. (ECF 42, at 5.) Plaintiff seeks similar relief in her other submissions that were filed on July 29, 2025, but that were not entered until August 1, 2025. (*See* ECF 43, at 1-2; ECF 45, at 4; ECF 46, at 3.)

In light of Plaintiff's *pro se* status, the Court construes these submissions, as it did with respect to Plaintiff's previously entered submissions, as seeking Rule 60(b) relief with respect to the Court's May 9, 2025 and June 5, 2025 orders. For the reasons set forth below, the Court denies such relief.

### DISCUSSION

A.      **Rule 60(b) relief**

Because Plaintiff has filed a notice of appeal, and because her appeal is pending, the Court must address whether it has jurisdiction to consider what are pending Rule 60(b) motions. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A federal district court retains jurisdiction, however, to deny a Rule 60(b) motion while an appeal is

pending. *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *see also Jin Zhao v. State Univ. of N.Y.*, 613 F. App'x 61, 62 (2d Cir. 2015) (summary order) ("[E]ven after an appeal is filed, a 'district court can entertain and *deny*' a Rule 60(b) motion." (citation omitted)).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments and, even under a liberal interpretation of her motions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). A party seeking such relief must show both that her motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief," *Honickman*, 605 U.S at 214. Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b).

**B.      Reiterated warning**

The Court again warns Plaintiff, as it did in its August 1, 2025 order, that if she files, in this court, any future frivolous or otherwise nonmeritorious submissions with respect to this action, which is no longer pending in this court, the court will direct her to show cause why this court should not bar her from filing any future submissions in this court, with respect to this action, without the court's leave to file. *See* 28 U.S.C. § 1651; *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." ).

## CONCLUSION

The Court construes the following submissions filed in this action as seeking Rule 60(b) relief from the both the Court's May 9, 2025 and June 5, 2025 orders: (1) "motion to strike/disregard letter filed by non-appearing counsel letter of assistant corporation counsel Jeffrey S. Dantowitz dated July 22, 2025 as bad faith untimely non-party opposition and ex-parte"; (2) "notice of and motion to strike and motion to strike/disregard letter dated July 22, 2025 filed by non-appearing counsel and memorandum of law in support"; (3) "Plaintiff Marilyn Daniels declaration in support of motion to strike/disregard letter filed by non-appearing counsel letter of Assistant Corporation Counsel Jeffrey S. Dantowitz dated July 22, 2025 as bad faith untimely non-party opposition and ex parte"; and (4) "memorandum of law in support of Plaintiff's motion to strike and disregard unauthorized letter filed by non-appearing counsel." (ECF 42, 43, 45, 46.). The Court denies all Rule 60(b) relief construed as sought in these submissions. The Court therefore directs the Clerk of Court to terminate ECF 42.

The Court reiterates is previous warning to Plaintiff that if she files, in this court, any future frivolous or otherwise nonmeritorious submissions with respect to this action, which is no

longer pending in this court, the court will direct her to show cause why this court should not bar

her from filing any future submissions in this court, with respect to this action, without the

court's leave to file.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 20, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

7